IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R. D. RYNO, JR, ID # 27953-077, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-0277-G (BH) |
| | ) | ECF |
| DAVID BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of Action**

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

**B. Claims**

Petitioner claims that the Bureau of Prisons (BOP) has categorically denied him placement in a halfway house or Community Correction Center (CCC),[1] and he specifically challenges 28 C.F.R. §§ 570.20 and 570.21 (the 2005 regulations) and Program Statement (PS) 7310.04 concerning such placement. (*See generally* Pet.) His petition raises two issues: (1) whether the 2005

---

[1] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

regulations violate 18 U.S.C. § 3621(b) and (2) whether the Program Statement violates that statute. (*Id.* at 15, 19.) The first issue essentially arises from this Court's prior invalidation of the 2005 regulations in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.). (*See* Pet. at 17.) As relief, petitioner specifically asks the Court to (1) invalidate the 2005 regulations, (2) invalidate PS 7310.04, and (3) order the BOP to immediately consider him for CCC placement by evaluating in good faith the requirements of § 3621(b). (*Id.* at 1-2, 22.)

In his answer to the petition, respondent argues that the instant petition is moot due the enactment of the Second Chance Act of 2007, Pub. L. No. 110-199 on April 9, 2008, and subsequent changes to the BOP's policies and procedures related to the issues raised herein. (*See generally* Answer.)

Petitioner filed a reply in which he asserts that his petition has merit and has not been rendered moot by the Second Chance Act. (*See generally* Reply.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of the validity of the old regulation is moot, for this case has 'lost its character as

2

a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)). Fed. R. Civ. P. 12(h)(3) requires the federal courts to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

Through the Second Chance Act which became effective April 9, 2008, Congress amended 18 U.S.C. § 3624(c)(1) so as to increase the maximum time for pre-release CCC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." *Santos v. Berkebile*, No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n.3 (N.D. Tex. June 5, 2008) (accepting findings of Mag. J.). As amended, § 3624(c) now includes a subsection (6), which provides:

> **(6) Issuance of regulations**.-- The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
> (A) conducted in a matter consistent with section 3621(b) of this title;
>
> (B) determined on an individual basis; and
>
> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

In response to the Second Chance Act, the BOP issued a memorandum to provide guidance for implementing the changes brought about by the Act. (*See* Mem. for Chief Exec. Officers at 1, attached as App. to Answer.) The memorandum recognizes that the maximum time frame for pre-release RRC placement was increased to twelve months and that "[t]he Act requires that pre-release RRC placement decisions be made on an individual basis in every inmate's case, according to new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b)." (*Id.* at 2.) It emphasizes that the

2005 regulations, 28 C.F.R. §§ 570.20 and 570.21, as well as "any previous guidance memorandums that were issued regarding those regulations" are inapplicable and must not be followed. (*Id.* at 2-3.) The memorandum directs staff to comply with PS 7310.04, except that staff must (1) disregard § 5 addressing statutory authority; (2) "review inmates for pre-release RRC placements earlier than provided in PS 7310.04" – more specifically, inmates must be reviewed for such "placements **17-19 months** before their projected release dates"; (3) individually consider each inmate for pre-release RRC placements using the criteria from § 3621(b); (4) "approach each individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement"; and (5) obtain written approval from the Regional Director for pre-release RRC placement beyond six months. (*Id.* at 3-4.) The memorandum also specifically states that staff "must not view" any criteria listed in PS 7310.04, "or any other policy, as automatically precluding an inmate's pre-release RRC placement." (*Id.* at 4.)

Petitioner in this case challenges regulations and a program statement (28 C.F.R. §§ 570.20, 570.21 and PS 7310.04) that "have been 'effectively erased' by the Second Chance Act." *See John v. Berkebile*, No. 3:08-CV-0267-L, unpub. findings at 4 (N.D. Tex. May 21, 2008) (findings and recommendation of Mag. J. not yet accepted by District Court). Since the enactment of the Second Chance Act, the BOP no longer follows the 2005 regulations or the relevant provisions of PS 7310.04. *Id.* The Second Chance Act has changed the legal landscape in such a manner as to render moot petitioner's challenges to sections 570.20 and 570.21 and PS 7310.04.

While conceding that the instant action is moot with respect to invalidating the 2005 regulations and PS 7310.04, petitioner argues that the Second Chance Act has not mooted his request for

4

a good faith evaluation of his request for immediate CCC placement. (Reply at 6.) As previously found by this Court,

> the appropriate remedy for denial of a § 3621(b) individualized review based on the 2005 regulations is an order that requires the BOP to consider in good faith whether petitioner should be transferred to an RRC based on the five factors set out in § 3621(b) without regard to those regulations.

*See Grote v. Berkebile*, 3:07-CV-0863-B, 2007 WL 4302933, at *9 (N.D. Tex. Dec. 5, 2007) (accepting findings and recommendation of Mag. J. and relying on *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *1 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.)). However, the two issues presented in this habeas petition – whether the 2005 regulations or PS 7310.04 violate 18 U.S.C. § 3621(b) – are no longer live issues in the aftermath of the Second Chance Act. In the absence of a live issue, this case is moot. Whether petitioner may obtain a good faith evaluation of his request for immediate CCC placement under the current legal landscape is not a matter currently before the Court.[2]

Because petitioner's challenges are moot due to changed circumstances resulting from the enactment of the Second Chance Act, there is no need to address other arguments of the parties.[3]

---

[2] Respondent argues that petitioner's requested relief is moot because the amended law and agency memorandum "do not require the BOP to do the requested evaluation until 17 months prior to his release projected date." (Answer at 8.) He also states that petitioner's "projected release date is 3 years away and, therefore, he will not be reviewed for pre-release RRC placement for another 18 months in conformity with the Second Chance Act and the revised policies" set forth in the agency memorandum. (*Id.*) Such argument and statement do not create a live issue with respect to whether petitioner may obtain a good faith evaluation of his request for immediate CCC placement under the current legal landscape. The BOP responded to petitioner's request for CCC placement under the former regulatory regime. Petitioner must go through proper administrative procedures to present his request under the current statutory scheme before presenting the issues in a federal petition for writ of habeas corpus.

[3] The Court notes, however, that it has previously rejected respondent's argument that § 2241 provides no jurisdictional basis for this action because petitioner is challenging where he should serve his sentence, not the fact or duration of his custody. *See, e.g., Bell v. Berkebile*, No. 3:07-CV-1067-B, 2007 WL 3333196, *1-2 (N.D. Tex. Nov. 9, 2007) (findings, conclusions, and recommendation accepted by District Court); *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *3-4 (N.D. Tex. March 28, 2007) (same). Accordingly, petitioner has properly invoked § 2241 as a basis for this action.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 23rd day of June, 2008.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
